[Civ. No. 1299. Fourth Appellate District.—August 4, 1934.]

SECURITY–FIRST NATIONAL BANK OF LOS AN-
GELES (a National Banking Association), Respondent,
v. KAREKIN K. BAXTER et al., Appellants.

M. G. Gallaher and N. Lindsay South for Appellants.

Sutherland, Dearing & Jertberg for Respondent.

MARKS, J.—The plaintiff, a national banking association, passed through various mergers, consolidations and changes of name in the period of time covered by its business dealings with defendants. A number of documents which we will mention were executed to a predecessor of plaintiff under one of the former names. In this opinion we will refer to these documents as having been executed to plaintiff, it being understood that that term will include any of the various names by which it and its predecessors were legally known.

The defendants Karekin K. Baxter and Mariam K. Baxter are husband and wife. Margaret Senam Baxter is their daughter. She was nineteen years of age at the time of the trial in July, 1930. The complaint, and her answer, were filed against and for her in her individual capacity. During the trial her father was appointed her guardian *ad litem* for the purpose of defending the action against her. No formal amendments of the pleadings seem to have been made. Prior to moving to California, Mr. and Mrs. Baxter, who were then known as Karekin K. Bagdasarian and Mariam Bagdasarian, executed some of the documents involved here, under those names. We will refer to them under the name of Baxter without regard to which name was used in any particular transaction.

In 1924 the Baxters were the owners of a vineyard in Fresno County. They were already indebted to the plaintiff and in the latter part of that year desired to borrow an additional sum of $15,000. They entered into negotiations with the officers of the plaintiff bank to secure the loan. The plaintiff was not satisfied with the security offered and extended negotiations followed which resulted in the following arrangements being made:

The California Packing Corporation, which was to handle the crop of the Baxters, advanced $5,000 in cash and agreed

to advance the further sums of $5,000 in May, and $5,000 in August, 1925, both of the latter sums to be paid to the plaintiff, provided that, in May, the condition of the grape crop on the Baxter property justified such advancement. Paul Mosesian agreed to pay these sums to the bank if the California Packing Corporation failed to do so, and in case he made such payments he was to receive the collateral which the Baxters gave the plaintiff for their loans. (Mosesian did not make the payments and the plaintiff retained the collateral.) On January 27, 1925, the plaintiff loaned the Baxters $10,000. The California Packing Corporation made the payments of $5,000 each, in May and August, 1925, to the plaintiff.

In 1918 the Baxters had entered into a contract of purchase of real property in Detroit, Michigan, from David and Augusta Mitchell. They made a contract of sale of this property to Abe and Jennie Marks, the purchase price being payable in installments. The Bankers Trust Company of Detroit held a mortgage on the real estate and acted as the agents of Mr. and Mrs. Baxter in making collections from Mr. and Mrs. Marks. In 1924 the Baxters had an equity of a substantial amount in the Detroit property.

Before making the loan of $10,000 to Mr. and Mrs. Baxter, the plaintiff required them to execute and deliver an assignment of the Mitchell and Marks contracts as security for that loan, and for other loans already made, and as a continuing security for these and any future loans made to them.

The loan account of Mr. and Mrs. Baxter with plaintiff was an active one as they were frequent borrowers and executed numerous promissory notes, many being renewal notes for former unpaid balances, and many for additional loans. They never paid their indebtedness to the bank in full. On December 2, 1927, a balance was struck and their total indebtedness was found to be $18,472.57, for which they executed a note to the plaintiff. Thereafter further additional loans were refused them and litigation followed as the bank attempted to reduce the amount of the indebtedness. After additional loans were refused them, Mr. and Mrs. Baxter demanded the return of their assignment of the Mitchell and Marks contracts, asserting that it had been given as security for the $10,000 loan guaranteed by Paul

Mosesian, and no other, and which had been paid by the California Packing Corporation. Their demand was refused and this litigation followed.

In May, 1925, Baxter had desired to refinance the indebtedness on the Detroit property. Under date of May 18, 1925, the vice-president of plaintiff bank wrote to the Bankers Trust Company of Detroit, holder of the mortgage on the property, that Baxter's refinancing plan was agreeable to the plaintiff and that it would cooperate with him in the refinancing "taking assignment of his interest as before". Baxter did not meet the demands of the Bankers Trust Company of Detroit and this mortgage remained in the same condition as before. He did pay Mr. and Mrs. Mitchell the small balance due them and received a deed conveying title to the property to himself and his wife, which deed was immediately recorded. By a deed dated September 27, 1926, and recorded October 2, 1926, this property was conveyed to Margaret Senam Baxter. It is admitted that she did not pay any consideration for the property. The Baxter assignment of the Mitchell and Marks contracts to plaintiff was recorded on October 28, 1926.

It was stipulated that Mr. and Mrs. Marks were willing and anxious to pay the balance of a little over $16,000 principal, and the interest, on their contract of purchase of the Detroit property, as soon as it could be determined to whom the payment should be made, so they could receive their deed. It was also stipulated that there was a balance of less than $50, principal and interest, due the Bankers Trust Company of Detroit under its mortgage.

The trial court found all facts in favor of the plaintiff and against the defendants; that the assignment of the Mitchell and Marks contracts was given, not merely as security for the $10,000 loan guaranteed by Paul Mosesian, but as a continuing security for all loans made by plaintiff to Mr. and Mrs. Baxter; that the deed from them to their daughter was made with intent to defraud the plaintiff, without any consideration and with notice and knowledge of the grantors and grantee of the assignment of the Mitchell and Marks contracts to plaintiff; that at the time of the execution of the assignment Mr. and Mrs. Baxter were indebted to the plaintiff in the sum of $5,529.67, principal, and $44.08, interest; that the assignment was given to secure

this indebtedness and as continuing security for any other loans made to Mr. and Mrs. Baxter; that their indebtedness to the plaintiff was never paid; that at the time of the trial their indebtedness amounted to $17,231.85, principal, and $6,288.60, accrued interest, all of which was secured by the assignment. Judgment was rendered against Karekin K. Baxter and Mariam K. Baxter in the sum of $23,520.45; that this was secured by the assignment of the Mitchell and Marks contracts; that to enable the plaintiff to execute the Marks contract and receive the unpaid balance due from them, the defendants execute and deliver to plaintiff a deed conveying the Detroit property to it subject to the mortgage of the Bankers Trust Company of Detroit and the contract of purchase by Abe and Jennie Marks; that plaintiff collect the money due from Abe and Jennie Marks, conveying the Detroit property to them, and out of the money so collected pay the balance due the Bankers Trust Company of Detroit on its mortgage, and the costs of making the conveyance to Abe and Jennie Marks, crediting the balance on the indebtedness of Mr. and Mrs. Baxter.

Appellants present numerous specifications of error which may be consolidated as follows: (1) The complaint does not allege facts sufficient to constitute a cause of action. (2) The complaint and plaintiff's evidence show that its cause of action is barred by laches. (3) The evidence does not support the findings and judgment. (4) The trial court erred in denying defendants' motion to reopen the case and permit them to introduce additional evidence after the conclusion of the trial and before the rendition of judgment.

■ Appellants' argument that the complaint fails to allege facts sufficient to constitute a cause of action is based upon the theory that the action is one for specific performance. We do not so understand it. Clearly the action is one to place the plaintiff in such a position that it could collect a debt which had been assigned to it as security for loans to Mr. and Mrs. Baxter. This it clearly had the right to do in view of the rather unusual circumstance that Abe and Jennie Marks, who owed the debt assigned as security, and the property involved in the assignment, were out of the state. (*Traders Bank of Los Angeles v. Wilcox,* 42 Cal. App. 24 [183 Pac. 256].) The complaint

alleges all facts necessary to constitute a cause of action against the defendants.

■ There is no merit in the claim that the plaintiff's action is barred by its laches. This defense was not urged in the court below. The last note given by Mr. and Mrs. Baxter to plaintiff was dated December 2, 1927, and was made payable "on demand, or if no demand be made, then Dec. 2, 1928". The action was filed August 7, 1929. We cannot hold as a matter of law that this delay was unreasonable. Furthermore, the defendants did not suffer any injury from this delay. In 10 California Jurisprudence, page 530, it is said: "One important feature to be considered in determining the question of laches is whether any damage has been suffered by the delay. Before the doctrine of laches intervenes, some person must be shown to have been injured, either the defendant or another; or there must at least be such a lapse of time that it may be reasonably supposed that prejudice will occur if the remedy is allowed. A person is in equity guilty of laches only where he has, by his conduct or negligence and delay, induced or suffered another to do or abstain from something whereby he might be injured should he be allowed to enforce his rights. It seems, however, that mere expenditure of money or effort on the part of the defendant is not enough to show such prejudice as will support a plea of laches. It must also appear that it will be inequitable to enforce the plaintiff's claim."

■ The principal argument supporting the contention that the evidence fails to support the findings and judgment is based upon the theory that the assignment of the Mitchell and Marks contracts was given to secure the loan of $10,000, payment of which was guaranteed by Paul Mosesian, and not as continuing security for all loans made by plaintiff to Mr. and Mrs. Baxter. In connection with the execution of this assignment the answer of these two defendants contains the following: "Admit that on or about said December 1st, 1924, as security for said balance of said indebtedness and for such other and further advances as might be thereafter made to said defendants, that defendants executed and delivered to said Pacific Southwest Trust & Savings Bank an assignment in writing concerning the alleged agreements set forth in paragraph three." The evidence in the record is overwhelmingly to the effect that the assignment

336

was executed to secure not only the then present indebtedness of Mr. and Mrs. Baxter and the $10,000 loan, but as continuing security for all future loans made by plaintiff to them. Their testimony stands alone in controverting this conclusion, and their conduct after the assignment was given December 1, 1924, to at least during the year 1928, thoroughly impeaches their testimony on this question. There is ample evidence to support the findings and judgment.

Several months after the conclusion of the trial the defendants moved the trial court to reopen the case and permit them to introduce further evidence, the substance of which is set forth in affidavits of N. Lindsay South and Karekin K. Baxter. We have examined these affidavits, and have concluded that the proffered evidence, if before the trial court, could have had no effect on its judgment.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 30, 1934.